Judge Marshall
delivered the Opinion of the Court.
Elizabeth Hogan, by her last will, directed her executor to. sell two. tracts of land, and distribute the proceeds equally between her three sons — Samuel, John, and William-; and also, after giving to her daughter, Betsy Bal dock, her wearing apparel and one slave, bequeathed to her said three sons the residue of her “goods, mid. chattels.”
The legatee Samuel having died prior to the death o.f the testatrix, the question presented in this case, between, his children, and his surviving brothers, is, whether the legacy to him lapsed by his death, or survived to his co-legatees, or passed to them in virtue of the residuary bequest.
By the death of Samual Hogan the legacy to-him abated; but it did not survive, because the bequest was to himself and co-legatees, not as joint-tenants, but as tenants, in. common; and it is only a joint legacy or devise that will survive..
Nor did the legacy to Samuel, which was to be paid out of the proceeds of a sale of the land, pass- by the residuary bequest..
If, because the land was to be converted into money, it be considered to> be personal, nevertheless, looking to. the phraseology of the whole-will, it appears plain to us, that the testatrix did not intend to include land, or the. avails of land, in the residuary bequest of “goods and chattels;” and the- more especially, as Samuel Hogan, was himself one of the residuary legatees, it is evident that the testatrix did not intend- that any part of ‘the proceeds of the- land which, had been bequeathed toi *573 him and his brothers should pass to him or to them by the the residuary bequest. These considerations leave no ground for legal presumption, or for the application of any technical rule of law, in the absence of clear intention.
We are, therefore, of the opinion that so much of the legacy to Samuel Hogan as was to be paid out of the proceeds of a sale of the land, lapsed by his death, and is, of course, subject to distribution — his children being entitled,per stirpes, to one distributive share; but that, excepting that legacy, the residuary bequest of goods and chattels, being joint, survived to John and William Hogan, the co-residuary legatees.
Wherefore, as the Circuit Judge absolutely dismissed the bill filed by the children of Samuel Hogan for distribution, the decree must be reversed, and the cause remanded, with instructions to allow time for bringing before the Court all the distributees of Elizabeth Hogan, deceased; and then, on final hearing, to render a decree, for distribution according to this opinion.